## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

| | | |
|---|---|---|
| MARVIN ANTHONY MATTHEWS, | ) | |
| | ) | |
| Petitioner, | ) | C. C. A. NO. 02C01-9806-CR-00195 |
| | ) | |
| vs. | ) | SHELBY COUNTY |
| | ) | |
| STATE OF TENNESSEE, | ) | No. P-19924 |
| | ) | |
| Respondent. | ) | |

FILED

October 15, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

## O R D E R

This matter is before the Court upon the state's motion to affirm the judgment of the trial court by order rather than formal opinion. See Rule 20, Rules of the Court of Criminal Appeals. This case represents an appeal from the dismissal of the petitioner's petition for post-conviction relief. The petitioner pled guilty to petit larceny in 1975 and was sentenced to six months imprisonment. No appeal was taken. On May 13, 1998, the petitioner filed a petition for post-conviction attacking the validity of this conviction and sentence. Finding that the petitioner's sentence has expired, the trial court denied relief.[1]

Pursuant to T.C.A. § 40-30-202(a),[2] a person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which judgment became final. The Post-Conviction Procedure Act provides several limited exceptions to the one-year statute of limitations, however none of them are applicable to the present case. See § 40-30-202(b). The petition in this case was filed well beyond the applicable statute of

---

[1] On appeal, the state notes that petitioners whose sentences have expired may still attack their convictions if there is a possibility that any collateral legal consequences will be imposed on the basis of the challenged convictions. See e.g. Ellison v. State, 549 S.W.2d 691, 694 (Tenn. Crim. App. 1976). The petitioner in this case has been declared an habitual criminal. Regardless, the statute of limitations bars this petition.

[2] Since the petition in this case was filed after May 10, 1995, it is therefore governed by the provisions of the 1995 Post-Conviction Procedure Act. See Compiler's Notes, T.C.A. § 40-30-201 (1997).

limitations, and is, therefore, untimely.[3]

For the reasons stated above, we conclude that the trial court did not err in dismissing the petitioner's petition for post-conviction relief.  Accordingly, it is hereby ORDERED that the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

PAUL G. SUMMERS, JUDGE

_____

DAVID G. HAYES, JUDGE

_____

JOE G. RILEY, JUDGE

---

[3] The petition would also be barred under the previous three year statute of limitations.  See T.C.A. § 40-30-102 (1990) (repealed); Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App.), perm. to app. denied, (Tenn. 1994).